HUGH D. DURHAM, JR., *et al.*, Plaintiffs-Appellees, v. ROCKFORD MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Fifth District   No. 5—87—0059

Opinion filed May 10, 1988.

Eric L. Terlizzi, of Pfaff, Garner & Terlizzi, of Salem, Lewis W. Terlizzi, of Brittain, Ketchem, Strass, Terlizzi, Flanagan, Weir & Johnson, P.C., of Elgin, and John D. Bauman, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Belleville, for appellant.

Harris, Lambert & Wilson, of Marion, for appellees.

JUSTICE CALVO delivered the opinion of the court:

On April 9, 1984, plaintiffs, Hugh and Kay Durham, filed a complaint against defendant, Rockford Mutual Insurance Company, for compensatory and punitive damages resulting from defendant's refusal to pay plaintiffs' uninsured motorist claim. Although defendant was served with the summons and complaint on April 17, 1984, defendant's counsel did not receive the summons and complaint until May 14, 1984, which was three days before the answer was due. Since the defendant did not file an entry of appearance, an answer, or a request for extension of time before the due date, plaintiffs moved for a default judgment on May 21, 1984; the motion was granted on that date and the circuit clerk sent a notice of entry of the default to defendant on May 24, 1984. On June 6, 1984, defendant filed an entry of appearance, a motion to vacate the default judgment, and an answer. Defendant's counsel filed an affidavit in support of the motion to vacate the default which stated that the late filing of the answer was not occasioned by wilful or inexcusable neglect or delay, but by the need to obtain local counsel and prepare a proper answer to the eight-count, 49-page complaint. Although the affidavit further stated that defendant had a valid defense, the nature of this defense was not specified.

On July 6, 1984, the trial court heard and denied defendant's motion to vacate the default judgment. In doing so the court found: (1) that there was no showing of excusable delay between the service of the summons and complaint and the date when the answer was due; (2) that no facts were shown which would excuse defendant from not filing a notice of appearance or a motion to extend the time to answer the complaint; and (3) that no facts were shown to excuse the 20-day

lapse of time between the date the answer was due and the filing of the motion to vacate the default judgment. The court further noted that

"[defendant] is treated the same way by this court, but, it does stand on a different footing than individuals unfamiliar with the legal process in considering the question of substantial justice and the exercise of discretion by the court. The insurance company knew the procedure, was cognizant of the risks, and indeed, it undertakes to insure against risks; it understood the consequences and this is different from a private citizen hailed into court for the first time, frightened, unsure and fumbling."

Defendant's petition to reconsider the denial of the motion to vacate the default was denied on January 16, 1985. A jury empanelled to assess damages awarded plaintiffs $30,000 in compensatory damages under the insurance policy and $575,000 in punitive damages for the defendant's alleged wilful nonpayment. Defendant alleges, *inter alia*, that the default judgment should have been vacated.

■■ ■ A party wishing to vacate a default judgment need not allege the existence of a meritorious defense or assert a reasonable excuse for not timely asserting the defense. The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable under the circumstances to compel the other party to go to trial on the merits. (*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, 270 N.E.2d 841, 843.) Although the presence or lack of a meritorious defense or a reasonable excuse are factors to consider in whether to vacate a default judgment, other factors such as the residence of plaintiff (in or out of State), the severity of the penalty as a result of the default judgment, and the attendant hardship upon plaintiff to proceed to a trial on the merits must also be considered. *Dalton v. Blanford* (1978), 67 Ill. App. 3d 91, 100, 383 N.E.2d 806, 812-13; see also *Meeker v. Gray* (1986), 142 Ill. App. 3d 717, 728, 492 N.E.2d 508, 515-16.

■■ A specific meritorious defense was not alleged in defendant's affidavit to vacate the default. Moreover, since defendant's counsel received notice of plaintiff's complaint three days prior to the end of the 30-day period to answer the complaint, we see no reasonable excuse for defendant's failure to enter an appearance and ask for an extension of time in which to answer. However, the record shows that the default was entered four days after the 30-day period had run, that the motion to vacate the default was timely filed (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301(e)), and that plaintiffs are Illinois residents. Since plaintiffs have not alleged that the delay prejudiced their case,

and since the facts do not show any such prejudice, it would not be unfair for plaintiffs to proceed to a trial on the merits. Furthermore, the size of the verdict assessed against the defendant at the trial on damages clearly shows that the default judgment on the issue of liability resulted in a severe penalty. On these facts, we must conclude that substantial justice was not done by the entry of the instant default judgment. Consequently, the entry of the default judgment was an abuse of discretion and must be vacated. We therefore conclude (1) that the damage award must be reversed, (2) that the default judgment entered on the issue of liability be vacated, and (3) that the cause be remanded to the trial court for further proceedings on the merits. Because of our disposition of the issue raised as to the default judgment, we need not consider the other issues defendant raises on appeal.

Reversed, vacated and remanded.

. KARNS and LEWIS, JJ., concur.