STOTLAR DRUG COMPANY, INC., Plaintiff-Appellee, v. ROGER MARLOW, Defendant-Appellant.

Fifth District No. 5—91—0603

Opinion filed January 27, 1993.

James J. Gomric, of James J. Gomric, P.C., of Belleville, for appellant.

S. Brent Herrin, of Feirich/Schoen/Mager/Green, of Carbondale, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Stotlar Drug Company, Inc. (hereinafter referred to as Stotlar Drug), is a corporation which had employed Roger Marlow as a pharmacist since June 1961. Marlow is also a shareholder and director of the corporation. On December 3, 1990, plaintiff filed a two-count complaint against Marlow, alleging that between 1986 and 1989 Marlow breached his fiduciary duty to the corporation and converted funds and merchandise from Stotlar Drug. On January 18, 1991, the court entered a default judgment against the defendant on the question of liability. A hearing on damages was held on July 3, 1991, and the court entered judgment in favor of the plaintiff in the amount of $230,000. Defendant appeals.

Plaintiff filed its complaint on December 3, 1990, served the defendant December 7, 1990, and filed a motion for default on January 16, 1991. An order of default was entered January 18, 1991. Marlow filed an answer and a counterclaim on January 28, 1991. According to the record, after defendant filed his answer and counterclaim the only substantive pleadings filed were the notice of hearing on damages, briefs of the parties regarding the hearing on damages, and the judgment of the trial court. Marlow did not file a written motion to vacate the default judgment.

When defendant attempted to introduce evidence to prove his counterclaim at the hearing on damages, the court ruled that defendant was not entitled to present such evidence:

"[T]here has been no Motion filed requesting that the Order of Default be set aside. And [sic] I won't allow just a filing of an Answer and Counterclaim to substitute for such a Motion because the Motion has to be supported by grounds convincing the Court that there is reason to set aside the default.

* * *

*** I won't permit you at this time to present any evidence on your counterclaim. We will take that up, if you wish, later on."

In response to the court's statement, the defendant orally requested the court to set aside the default and to conduct a hearing on the merits. The court denied defendant's request, stating: "[T]here has been no motion filed to set aside the default, and I am going to pursue the damages hearing at this time on the complaint."

■■ Section 2—1301(e) of the Code of Civil Procedure provides:

"The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1301(e).)

Section 2—1301(e) is available to seek relief from any *nonfinal* order of default or from a *final* default judgment within 30 days of its entry. A default judgment is final if it grants the plaintiff relief and either resolves the case entirely or is final as to one party or cause of action and is certified in accord with the requirements of Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). (4 R. Michael, Illinois Practice: Civil Procedure Before Trial §42.5, at 359 (1989).) On the other hand, section 2—1401 (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401) applies to petitions for relief from final orders or judgments filed more than 30 days from the entry thereof. Since the order of default in this case resolved only the question of liability and continued the cause for proof on the issue of damages, it was a nonfinal order for purposes of section 2—1301(e). See *Bruno Benedetti & Sons, Inc. v. O'Malley* (1984), 124 Ill. App. 3d 500, 464 N.E.2d 292.

■■ ■ A liberal policy exists with respect to vacating defaults under section 2—1301(e). (*City of Chicago v. Central National Bank* (1985), 134 Ill. App. 3d 22, 25, 479 N.E.2d 1040, 1043.) A party wishing to vacate a default under this section need not allege the existence of a meritorious defense or assert a reasonable excuse for not timely asserting the defense. While grounds must be alleged to support a section 2—1401 petition to vacate, they are not mandatory in a section 2—1301 motion. (*Campbell v. White* (1989), 187 Ill. App. 3d 492, 502, 543 N.E.2d 607, 614.) The overriding consideration under section 2—1301(e) is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits. (*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, 270 N.E.2d 841,

843; *Durham v. Rockford Mutual Insurance Co.* (1988), 169 Ill. App. 3d 211, 213, 523 N.E.2d 670, 672; *Meeker v. Gray* (1986), 142 Ill. App. 3d 717, 492 N.E.2d 508.) "In determining whether substantial justice has been done, *** factors [to consider] include whether plaintiff is a resident of Illinois, the severity of the penalty to defendant as a result of the default judgment, and the attendant hardship on plaintiff if plaintiff is required to proceed to a trial on the merits." *Campbell v. White* (1989), 187 Ill. App. 3d 492, 503, 543 N.E.2d 607, 614.

The trial court proceeded as if the defendant's motion to set aside was governed by section 2—1401 instead of section 2—1301(e). It appears from the trial court's statement at the hearing on damages that it was under the erroneous assumption that the defendant's oral motion to set aside the default was governed by section 2—1401 rather than section 2—1301. Under the circumstances, the trial court applied the wrong standard and may have improperly exercised its discretion to deny defendant's motion to set aside the default order.

■ A specific meritorious defense was not alleged in defendant's oral motion to vacate the default. However, in his answer to plaintiff's complaint defendant denies the allegations made by the plaintiff. Defendant asserts in his counterclaim that plaintiff is in possession of in excess of $70,000 owed to the defendant. At the hearing on damages plaintiff alleged that the case had gone on for too long and that it was inappropriate for the defendant to ask that the default be set aside. Defendant had the right under section 2—1301(e) to move that the default be vacated. Furthermore, the hearing on damages was held just six months after the complaint was served on defendant. Plaintiff has not alleged that the delay prejudiced its case. On the other hand, as a result of the default judgment the penalty imposed on the defendant is substantial as there is both a judgment of $230,000 against the defendant and a refusal to permit defendant to assert his counterclaim. Based on these facts, we conclude that substantial justice was not done by the refusal of the court to properly consider the motion to vacate the default judgment. Consequently, this cause is remanded to the trial court to determine under section 2—1301 whether or not to vacate the default judgment.

■ One further issue should be addressed. The court indicated that defendant's counterclaim would be addressed later on. It was not addressed. While we reverse on the issue of the default judgment, it is clear that defendant should have been allowed to present evidence of the counterclaim. Even a defaulted defendant, when the action is for an unliquidated claim or amount, has the right to be heard on the matter of damages. *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d

609, 190 N.E.2d 348; *Greer v. Ludwick* (1968), 100 Ill. App. 2d 27, 241 N.E.2d 4.

Because of our disposition of the issue regarding the default judgment, we need not consider the other issues defendant raises on appeal.

Reversed and remanded.

LEWIS and GOLDENHERSH, JJ., concur.