JOHN GEGENHUBER *et al.*, Plaintiffs-Appellees, v. HYSTOPOLIS PRO-
DUCTION, INC., Defendant-Appellant.

First District (3rd Division)  No. 1—95—0051

Opinion filed December 27, 1995.

Robert E. Zeitner, of Chicago, for appellant.

Gregory A. Adamski and Karen Conti, both of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiffs, John Gegenhuber and Cynthia Orthal, filed this action
in the circuit court of Cook County against defendant, Hystopolis
Productions, Inc. (Hystopolis), seeking injunctive and monetary relief.
On March 24, 1993, plaintiffs failed to appear at a status call and the
circuit court entered an order for the dismissal for want of prosecu-
tion. On April 21, 1993, plaintiffs filed a motion to vacate the dis-
missal. The trial court granted the motion on the same date, al-
though a written order was not recorded due to clerical error. On

September 26, 1994, a judgment was entered in favor of plaintiffs. Plaintiffs filed a second motion to vacate the dismissal for want of prosecution on September 30, 1994, after a clerk alerted them that a written order had not been entered on the original motion. The circuit court entered the order granting the second motion on October 21, 1994. Four days later, defendant moved to vacate the October 21, 1994, order vacating the dismissal for want of prosecution. This motion was denied. It is from this order that defendant now appeals pursuant to Supreme Court Rule 301 (134 Ill. 2d Rules 301, 303).

For the reasons which follow, we affirm the judgment of the circuit court as modified below.

## STATEMENT OF FACTS

These facts are not disputed by defendant. Hystopolis is an Illinois not-for-profit corporation which runs a puppet theater. Gegenhuber, Orthal, Larry Basgall, and Michael Schwabe created, designed, construed, produced, directed and performed an adult puppet show, *The Adding Machine*, based on the play by Elmer Rice. The show has been nationally and internationally recognized for its excellence in puppetry in the Chicago area as well as on an international level.

A dispute arose between the parties, where Hystopolis and its employees, Schwabe and Basgall, falsely claimed that the sets, costumes, and puppets of *The Adding Machine* belonged only to Hystopolis and falsely advised the public that Schwabe and Basgall were the sole artistic force behind the show. Plaintiffs also alleged that Hystopolis and its employees wrongly kept to themselves all revenues relating to the show. Plaintiffs sued for injunctive and monetary relief in the circuit court, seeking proper credit for the creation, design, construction and direction of *The Adding Machine*. In addition, plaintiffs wanted an accounting for profits, damages, and the possession of the puppet characters of *The Adding Machine*.

A preliminary injunction was issued on January 10, 1992. A status call was scheduled on March 28, 1993, which plaintiffs missed. The trial court entered a dismissal for want of prosecution. On April 21, 1993, plaintiffs filed a motion to vacate the dismissal, which was granted on April 29, 1993. However, due to clerical error, a written order was not recorded on that same date.

Following the vacation of the dismissal for want of prosecution, both parties participated in a replevin proceeding, appeared numerous times in court, engaged in extensive motion practice, substituted attorneys, requested production of documents, and prepared for trial. Trial in the matter was set for September 26, 1994. On this date, the lower court entered a judgment in favor of plaintiffs in the amount of

$50,000 and permanently enjoined defendant from performing the puppet shows without properly crediting plaintiffs.

On September 30, 1994, plaintiffs filed the second motion to vacate the dismissal for want of prosecution in order to correct the clerical error of a written order not having been recorded in the original motion to vacate. On October 21, 1994, the trial court granted this corrective motion. Four days later, Hystopolis filed a motion to vacate an order which vacated dismissal for want of prosecution. The trial court denied this motion.

## OPINION

The sole issue on appeal is whether the trial court abused its discretion in vacating the order of dismissal for want of prosecution. Defendant argues that an order was not made of record at the time the trial court vacated the dismissal. Hystopolis further contends that the circuit court lacked jurisdiction to grant the corrective motion to vacate the dismissal on October 21, 1994, since it was granted 17 months after the entry of a dismissal for want of prosecution. In addition, defendant submits that plaintiffs' renewed motion was a petition under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401 (now 735 ILCS 5/2—1401 (West 1994))) and that plaintiffs did not meet the requirements enumerated in section 2—1401 in order to obtain relief. Defendant, therefore, concludes that the trial judge abused his discretion in granting plaintiffs' renewed motion. We disagree.

■ Pursuant to section 2—1301 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301 (now 735 ILCS 5/2—1301 (West 1994))), a motion to set aside a judgment shall be filed within 30 days of the entry of the judgment. In general, a trial court loses jurisdiction over a case and thus the authority to vacate or modify its judgment 30 days after the entry of judgment, unless a timely post-judgment motion is filed. (*Beck v. Stepp* (1991), 144 Ill. 2d 232.) The date the motion is filed is the date that determines whether the 30-day requirement was met. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1301 (now 735 ILCS 5/2—1301 (West 1994)).) In the case *sub judice*, the trial court had entered the dismissal for want of prosecution on March 28, 1993. On April 21, 1993, plaintiffs filed a section 2—1301 motion to vacate the dismissal. Clearly, the motion was filed within the required 30-day period. The vacation order was then entered by the trial court on April 29, 1993. There is no question that, at this point in time, the trial court had jurisdiction over the matter. The fact that a written order was not recorded does not deprive the circuit court of jurisdiction. A trial court does not lose jurisdiction to correct

its records. (*People v. Glenn* (1962), 25 Ill. 2d 82.) The record demonstrated that a hearing was held on April 29, 1993, and that the motion to vacate was granted. It was simply clerical error that the order was not recorded on that date. Accordingly, we find that the court properly maintained jurisdiction and did not abuse its discretion when granting plaintiffs' motion to vacate the dismissal.

As a reviewing court, we have the power to correct clerical errors, as in the present case. Pursuant to Supreme Court Rule 366 (134 Ill. 2d R. 366), the appellate court has the power to amend errors of the circuit court to insure that justice is served. Rule 366 provides:

"In all appeals the reviewing court may, in its discretion, and on such terms as it deems just,

(1) exercise all or any of the powers of amendment of the trial court;

\*\*\*

(3) order or permit the record to be amended by correcting errors or by adding matters that should have been included;

\*\*\*

\*\*\*

(5) enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief \*\*\*." 134 Ill. 2d R. 366.

Furthermore, a court may modify its judgment *nunc pro tunc* to correct a clerical error or matter of form so that the record conforms to the judgment actually rendered by the court. (*Beck*, 144 Ill. 2d at 238, citing *In re Estate of Young* (1953), 414 Ill. 525, 534.) In *Beck*, the Illinois Supreme Court said of *nunc pro tunc* orders the following:

"The purpose of a *nunc pro tunc* order is to correct the record of judgment, not to alter the actual judgment of the court. A *nunc pro tunc* order may not be used to supply omitted judicial action, to correct judicial errors under the pretense of correcting clerical errors, or to cure a jurisdictional defect. [Citation.] Judgments may be modified *nunc pro tunc* only when the correcting order is based upon evidence such as a 'note, memorandum or memorial paper remaining in the files or upon the records of the court.' [Citation.] The evidence supporting a *nunc pro tunc* modification must clearly demonstrate that the order being modified fails to conform to the decree actually rendered by the court." *Beck*, 144 Ill. 2d at 238.

In the case *sub judice*, plaintiffs' original motion was properly filed on April 22, 1993. Plaintiffs renewed their motion simply to attempt to correct the clerical error. Since the circuit court maintained its jurisdiction, both original and renewed motions were then appropriately granted. The trial judge stated that he had already ruled

on the case for which a final judgment order was entered on September 26, 1994, and the fact that the order was not recorded in April of 1993 "was a complete clerical error." Clearly, the transcripts of the hearings, the court call schedule, and copies of the notices and motions filed are precise and definite evidence in the record that an order on the original motion was entered but simply omitted and that the renewed motion was designed to correct the record. Unfortunately, the order on the renewed motion was not backdated. Thus, in order to correct the situation, we amend the October 21, 1994, order *nunc pro tunc*, and date it back to April 29, 1993.

In light of the foregoing, the judgment of the circuit court of Cook County is modified, *nunc pro tunc*.

Affirmed as modified.

RIZZI and CERDA, JJ., concur.