JOSEPH A. LONGO, Plaintiff-Appellant, v. GLOBE AUTO RECYCLING, INC., *et al.*, Defendants-Appellees.

First District (1st Division) No. 1—99—3380

Opinion filed January 22, 2001.

Joseph A. Longo, of Mt. Prospect, for appellant.

Lino J. Menconi, of Alesia, Menconi & Irsuto, of Shaumburg, for appellees.

JUSTICE COHEN delivered the opinion of the court:

Plaintiff Joseph Longo filed a breach of contract action against defendants Globe Auto Recycling, Inc. (Globe), and William Zuccaro (Zuccaro) seeking to recover attorney fees. Following a verdict in plaintiff's favor, collateral proceedings were held. On October 8, 1998, the trial court granted plaintiff's motion for contractual attorney fees and also entered a contempt judgment against defendants for failure to pay a pretrial sanction. On May 19, 1999, a different trial judge vacated both of the trial court's collateral orders, finding that they were void under principles of *res judicata*. The trial court also levied a $1,618 sanction against plaintiff on the ground that the October 8, 1998, orders were sought in bad faith. The issue in this appeal is whether the court erred in determining that the October 8, 1998, orders were void and further determining that plaintiff had acted in bad faith when seeking the attorney fees that were awarded. For the reasons set forth below, we reverse.

## I. BACKGROUND

On March 31, 1998, plaintiff Joseph Longo filed a five-count complaint against defendants Globe and Zuccaro alleging breach of contract in count I, account stated in count II, *quantum meruit* in count III, unjust enrichment in count IV, and fraud in count V. Plaintiff had entered into a contract for legal representation with Globe in December 1997, through its agent William Zuccaro. Plaintiff alleged that defendants owed $9,041.25 in outstanding attorney fees and costs for plaintiff's representation of Globe in various legal matters between December 12, 1997, and February 16, 1998. In his prayer for relief, plaintiff also sought an award of all present and future attorney fees incurred in the prosecution of the breach of contract action.

On July 8, 1998, the trial court entered an order of default against defendant Globe for failure to answer or otherwise plead. Defendant Zuccaro was granted leave to file an answer. The court set the matter for September 2, 1998, for a damages hearing on plaintiff's claims against Globe and a bench trial on plaintiff's claims against defendant Zuccaro. On August 24, 1998, the trial court denied Globe's motion to vacate the order of default.

On September 1, 1998, the trial court granted Globe's motion to reconsider the denial of its motion to vacate the order of default. The court's September 1 order stated that its vacatur of the default order was conditioned upon Globe's payment of $1,550 in attorney fees to plaintiff by September 8, 1998. The order further specified that attorney fees granted therein served as a sanction and were "not to act as a substitute to Mr. Longo seeking further attorney fees for his time in this case."

On September 2, 1998, following a bench trial, Judge Gilbert J. Grossi entered a judgment against both defendants Globe and Zuccaro in the amount of $8,689. The trial court's order stated that its judgment included fees for attorney Longo's services through January 23, 1998. The trial court's September 2 order did not address plaintiff's claim for attorney fees incurred in prosecution of the present breach of contract action.

On September 24, 1998, plaintiff filed a "motion for contractual attorney fees, costs and interest." In this motion, plaintiff alleged that a fee-shifting clause in his attorney-client agreement required defendants to pay all costs associated with plaintiff's collection efforts and $1\frac{1}{2}\%$ monthly interest until all amounts owed by defendants are paid in full. In support of his motion, plaintiff attached the attorney-client agreement signed by Zuccaro, which states affirmatively, "I will pay Joseph A. Longo, if he represents himself, his regular hourly rate which currently is $155.00/hour for all time that he must expend before and after the lawsuit is filed."

Plaintiff also filed a motion for a rule to show cause why defendants should not be held in contempt. In this motion, plaintiff alleged that defendants had engaged in contemptuous conduct by willfully failing to comply with the trial court's September 1, 1998, sanction order which was entered by agreement of the parties and as a condition to vacating the order of default. On October 2, 1998, plaintiff served defendants with a notice of motion indicating that he would present his "motion for contractual attorney fees" and his rule to show cause on October 8, 1998. The record reflects that on October 7, 1998, defendants' attorney, Anthony Montemurro, followed up in a letter to plaintiff stating, "I do not intend to be in court on Thursday, October 8, 1998."

At the October 8, 1998, hearing, Judge Earl E. Strayhorn granted plaintiff's "motion for contractual attorney fees." The resulting judgment order awarded plaintiff $7,223 in attorney fees and $1,446 in costs for expenses incurred as a result of attorney Longo's self-representation in the underlying breach of contract action. At this hearing, Judge Strayhorn also found defendant Globe in contempt for failure to pay the $1,500 pretrial sanction entered on September 1, 1998. This contempt judgment levied an additional $1,000 sanction against defendant Globe for its willful, intentional and contumacious violation of the trial court's September 1, 1998, order. The contempt order further awarded attorney Longo $2,619.50 in fees associated with pursuing the rule to show cause.

On November 4, 1998, the trial court denied defendants' motion to reconsider the September 2, 1998, judgment order. Defendants filed a notice of appeal on December 4, 1998, seeking review of both the trial court's "final judgment" order and its November 4, 1998, denial of defendants' motion to reconsider. Defendants did not specifically mention either of the October 8, 1998, orders in their notice of appeal. On March 24, 1999, defendants' appeal was dismissed. *Longo v. Globe Auto Recycling, Inc.*, No. 1—99—0333 (March 24, 1999) (unpublished order of dismissal).

On May 13, 1999, plaintiff filed citations to discover assets against defendants to recover the monetary awards granted in the trial court's October 8, 1998, orders. On May 19, 1999, defendants presented an emergency motion to vacate citation notices and stay judgments. Defendants argued that the trial court's October 8, 1998, orders were void under principles of *res judicata* because the amounts awarded therein were the same amounts awarded in the trial court's September 2, 1998, judgment order. At the May 19 hearing, Judge Glenn Elliot entered an order which temporarily stayed the enforcement of all judgment orders. This order also continued defendants' emergency motion until May 21, 1999.

On May 21, 1999, Judge Michael F. Sheehan granted defendants' emergency motion to vacate citation notices and stay judgments. In the trial court's May 21 order, Judge Sheehan terminated the citations filed by plaintiff and ruled that both of the trial court's October 8, 1998, orders were "void as *res judicata*."

On August 18, 1999, Judge Sheehan denied plaintiff's motion to vacate or reconsider the court's May 21 order, plaintiff's motion to release $500 of the September 2, 1998, judgment which had previously been retained by the court and plaintiff's motion for postjudgment interest. Although the trial court's August 18 order does not set forth its reasoning, the court ordered plaintiff to pay defendants $1,618 in

attorney fees. Ostensibly, the court granted defendants' motion for sanctions pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137). Defendants' motion alleged that plaintiff obtained the October 8, 1998, orders in bad faith, knowing that such relief was precluded by principles of *res judicata*. This appeal followed.

## II. ANALYSIS

Plaintiff's first argument on appeal is that the trial court lacked jurisdiction on May 21, 1999, to vacate final orders which were entered on October 8, 1998. In response to plaintiff's argument, defendants assert that the trial court's vacatur of the October 8, 1998, orders was proper because void orders can be collaterally attacked at any time. The resolution of this issue is critical as it is potentially dispositive of many of the other issues raised by plaintiff. In order to fully evaluate the arguments of counsel, we must address each of the October 8, 1998, orders separately because a judgment for attorney fees and a judgment of contempt have different jurisdictional implications.

### A. Motion for Contractual Attorney Fees

■ It is well established that a trial court loses jurisdiction over a case and the authority to vacate or modify its judgment 30 days after the entry of judgment, unless a timely postjudgment motion is filed. *Gegenhuber v. Hystopolis Production, Inc.*, 277 Ill. App. 3d 429, 431 (1995), citing *Beck v. Stepp*, 144 Ill. 2d 232 (1991). A timely filed postjudgment motion not only extends the circuit court's jurisdiction, but also extends the appellate court's potential jurisdiction, the time within which a notice of appeal may be filed, until 30 days after the motion is decided. *Chen Ying Yang v. Chen*, 283 Ill. App. 3d 80, 85 (1996); *Sears v. Sears*, 85 Ill. 2d 253, 258 (1981).

■ In the case at bar, the trial court's judgment on plaintiff's breach of contract action was entered on September 2, 1998. However, " '[i]f an order does not resolve every right, liability or matter raised, it must contain an express finding that there is no just reason for delaying an appeal.' " *Brown & Kerr, Inc. v. American Stores Properties, Inc.*, 306 Ill. App. 3d 1023, 1028 (1999), quoting *F.H. Prince & Co. v. Towers Financial Corp.*, 266 Ill. App. 3d 977, 983 (1994). A request for attorney fees is a claim within the meaning of Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). *Brown*, 306 Ill. App. 3d at 1028. "This is so whether the fees are sought pursuant to statute, such as the entry of sanctions for false pleadings, or pursuant to a contract provision." *Brown*, 306 Ill. App. 3d at 1028, citing *Prince*, 266 Ill. App. 3d at 983; see *Habitat Co. v. McClure*, 301 Ill. App. 3d 425, 433 (1998) (a party may seek to modify judgment order to include requisite Rule 304(a) language, so that the party may appeal the order without awaiting the outcome of the attorney fee petition).

The trial court's September 2, 1998, judgment did not rule on the issue of "contractual attorney fees" incurred in prosecution of the breach of contract action, relief which was requested as an *additional* claim in plaintiff's complaint. The September 2 order also did not include a finding under Rule 304(a) (155 Ill. 2d R. 304(a)). Therefore, it is clear that the September 2 order was not final nor was it appealable.

■ Plaintiff's claims were fully resolved on October 8, 1998, when the trial court ruled on plaintiff's timely filed "motion for contractual attorney fees." See *Brown*, 306 Ill. App. 3d at 1029; *Myers v. Popp Enterprises, Inc.*, 216 Ill. App. 3d 830, 838 (1991) (petition for attorney fees is timely if filed within 30 days of judgment). However, the trial court's jurisdiction was extended by defendants' timely filed motion to reconsider the September 2, 1998, judgment. Section 2—1203 of the Code of Civil Procedure (Code) provides:

> "Motions after judgment in non-jury cases. (a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2—1203 (West 1998).

The trial court denied defendants' motion to reconsider on November 4, 1998. Thus, the trial court's jurisdiction over both the September 2 judgment order and October 8 order awarding contractual attorney fees was extended until December 4, 1998. See *Sears*, 85 Ill. 2d at 258. The defendants filed their notice of appeal on December 4, 1998. Thus, defendants' notice of appeal was timely. While illuminating, resolution of the above issue only partly ameliorates the problems occasioned by the murky record on appeal.

■ The next cloudy issue we must address is which of the trial court's orders became subject to appellate jurisdiction when defendants filed their notice of appeal. " 'It is well established that an appellate court has jurisdiction only of those matters which are raised in the notice of appeal.' " *Steinberg v. System Software Associates, Inc.*, 306 Ill. App. 3d 157, 166 (1999), quoting *Lewanski v. Lewanski*, 59 Ill. App. 3d 805, 815 (1978). On this point, Supreme Court Rule 303 provides that the notice of appeal "shall specify the judgment or part thereof *** appealed from and the relief sought from the reviewing court." 155 Ill. 2d R. 303(b)(2). However, this rule is not without exception. An unspecified order or judgment is reviewable if it is a " 'step in the procedural progression leading to the judgment specified in the notice of appeal.' " *Steinberg*, 306 Ill. App. 3d at 166, quoting *Taylor v. Peoples Gas Light & Coke Co.*, 275 Ill. App. 3d 655, 659 (1995). More-

over, regardless of the applicability of any exception, the notice of appeal is to be liberally construed as a whole. *Steinberg*, 306 Ill. App. 3d at 166, citing *Glassberg v. Warshawsky*, 266 Ill. App. 3d 585, 591 (1994).

■ In the case at bar, defendants' notice of appeal sought review of both the trial court's "final judgment" order and its November 4, 1998, denial of defendants' postjudgment motion. While defendants' notice of appeal did not specifically mention the trial court's October 8, 1998, order awarding contractual attorney fees, our analysis above demonstrates that the October 8 order, as opposed to the judgment rendered September 2, was actually the final and appealable order. Thus, we conclude that defendants' reference to the trial court's "entry of final judgment" in their notice of appeal encompassed both the October 8 order awarding contractual attorney fees and the September 2 judgment on the breach of contract action.

■ On March 24, 1999, defendants' appeal was dismissed in *Longo v. Globe Auto Recycling, Inc.*, No. 1—99—0333 (March 24, 1999) (unpublished order of dismissal). The appellate court issued its mandate on August 11, 1999. The appellate court's mandate is the transmittal of the judgment of the reviewing court to the circuit court and revests the trial court with jurisdiction. *In re Marriage of Pitulla*, 256 Ill. App. 3d 84, 88 (1993); *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 304-05 (1981). Accordingly, a trial court may not rule on a petition that is filed before the appellate court issues its mandate if the petition involves issues that were presented to the appellate court for review. *NCD, Inc. v. Kemel*, 308 Ill. App. 3d 814, 817 (1999). Furthermore, Supreme Court Rule 369(b) (134 Ill. 2d R. 369(b)) provides:

> "When the reviewing court dismisses the appeal or affirms the judgment and the mandate is filed in the circuit court, enforcement of the judgment may be had and other proceedings may be conducted as if no appeal had been taken."

In regard to "other proceedings," Rule 369(b) contemplates only those proceedings that are consistent with the entry and enforcement of the final judgment. *Perrin v. Pioneer National Title Insurance Co.*, 108 Ill. App. 3d 181, 185 (1982). Therefore, we find that the trial court was without jurisdiction to vacate the October 8 order awarding contractual attorney fees for two reasons: (1) defendant's appeal was dismissed on March 24, 1999, and (2) the appellate mandate did not issue until August 11, 1999. In so concluding, we note that nothing in the language of Rule 369 permits an outright reversal by the trial court without remandment. 134 Ill. 2d R. 369(b); *Coldwell Banker Havens, Inc. v. Renfro*, 288 Ill. App. 3d 442, 446 (1997).

## B. Contempt Sanction

■ With respect to the October 8, 1998, contempt order, a number of cases have held that "although occurring within the context of another proceeding and thus having the appearance of being interlocutory, [a contempt proceeding] is an original special proceeding, collateral to and independent of, the case in which the contempt arises." *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 172 (1981); accord *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 216 (1994). This practice was codified with the enactment of Supreme Court Rule 304(b) (155 Ill. 2d R. 304(b)), which provides that under certain circumstances appeals from final judgments that do not dispose of entire proceedings can be taken notwithstanding the absence of an express written finding of appealability by the trial court. *In re Liquidation of Medcare HMO, Inc.*, 294 Ill. App. 3d 42, 46 (1997). Specifically, Rule 304(b)(5)states, "[a]n order finding a person or entity in contempt of court which imposes a monetary or other penalty" is immediately appealable. 155 Ill. 2d R. 304(b)(5).

The time for appealing Rule 304(b) orders is mandatory, not optional. *In re Estate of Thorp*, 282 Ill. App. 3d 612, 616 (1996). Thus, contempt citations along with all other orders falling within the scope of Rule 304(b) must be appealed within 30 days of their entry or be barred. See *In re Liquidation of Medcare HMO, Inc.*, 294 Ill. App. 3d at 46; *In re Estate of Kime*, 95 Ill. App. 3d 262, 268 (1981). Accordingly, a posttrial motion directed at the judgment in the case in which the contempt arose does not serve to extend the trial court's jurisdiction over the contempt order or delay the time in which a party must appeal the contempt order.

■ In the case at bar, the trial court's October 8, 1998, contempt order levied a $1,000 sanction against defendant Globe for its "willful, intentional and contumacious" violation of the trial court's September 1, 1998, order. The contempt order also awarded plaintiff attorney fees incurred in pursuit of the contempt sanction. Therefore, the requirements of Rule 304(b)(5) have been met and any appeal from the trial court's October 8, 1998, contempt order must have been filed with 30 days of its entry or by November 8, 1998. Defendants did not file a notice of appeal by November 8, 1998. Furthermore, defendants' notice of appeal filed on December 4, 1998, did not make any reference to the October 8, 1998, contempt order. Consequently, the trial court did not have jurisdiction on May 21, 1999, to reverse the October 8 contempt order.

## C. *Res Judicata* Claims

Although we find that the trial court was without jurisdiction on

May 21, 1999, to reverse either of the October 8, 1998, orders, hoping to shed more light on relatively transparent issues that somehow turned opaque, we address the merits of defendants' claim that the October 8 orders are void and can be collaterally attacked at any time. Defendants argue that the trial court correctly ruled that the October 8 orders were barred by principles of *res judicata* because the amounts awarded in these judgments were the same amounts litigated in the September 2, 1998, trial. In light of the fact that the record on appeal clearly reveals otherwise, we find defendants' arguments to be disingenuous.

■ The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action. *DeLuna v. Treister*, 185 Ill. 2d 565, 572 (1999), citing *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). For the doctrine of *res judicata* to apply, three requirements must be met: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of causes of action; and (3) there was an identity of parties or their privies. *Treister*, 185 Ill. 2d at 572.

■ In the present case, the doctrine of *res judicata* is inapplicable. The first requirement, that there was a final judgment on the merits, is not satisfied because the September 2, 1998, order was not a final judgment. See our discussion of *Brown*, 306 Ill. App. 3d at 1028, *supra*. Second, the requirement that there be "identity of causes of action" is not met because plaintiff never filed a *second* lawsuit. See *Murneigh v. Gainer*, 177 Ill. 2d 287, 298-99 (1997) (purpose of *res judicata* defense is to prevent multiplicity of lawsuits). The record before us indicates that the October 8, 1998, orders were entered in collateral proceedings to a *single* cause of action rather than a *separate* suit filed by plaintiff.

Defendants' argument that the attorney fees awarded in the September 2 judgment arose out of the same set of operative facts as the attorney fees awarded in the October 8 order is patently without merit and confounding in its conclusion. The distinction between the two orders is obvious, especially if one is obligated to read the record before one puts pen to appellate brief. The trial court's September 2 judgment awarded attorney Longo fees for prior legal services he performed on behalf of defendants Globe and Zuccaro while the October 8 order awarded attorney Longo fees for legal services he performed on his own behalf in the present breach of contract action. Therefore, the trial court erred in its finding that the October 8 orders were void under principles of *res judicata*.

We also reject defendants' *res judicata* argument because even if

the doctrine applied to the facts of this case, it would not render the October 8 orders void. " 'Judgments entered in a civil proceeding may be collaterally attacked as void only where there is a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties.' " *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998), quoting *Johnston v. City of Bloomington*, 77 Ill. 2d 108, 112 (1979). A voidable judgment is one where a court having competent jurisdiction makes a mistake in determining either the facts or the law and is not subject to collateral attack. *In re Marriage of Mitchell*, 181 Ill. 2d at 175.

In the case at bar, neither of the October 8, 1998, orders is "void" because the trial court had jurisdiction over the parties and over the collateral proceedings as plaintiff's motion for contractual attorney fees and rule to show cause were timely filed. See our discussion, supra. Furthermore, the October 8, 1998, orders were not "voidable" because the doctrine of *res judicata* is merely a procedural defense which can be waived if not raised. *Merritt v. Randall Painting Co.*, 314 Ill. App. 3d 556, 559 (2000); *Thornton v. Williams*, 89 Ill. App. 3d 544, 548 (1980) (doctrine of *res judicata* was intended to be used as a shield, not a sword).

Defendants did not raise *res judicata* as a defense to the October 8 orders at the October 8, 1998, hearing or in their notice of appeal filed December 4, 1998. The first time defendants raised this argument was on May 21, 1999, at which time the trial court no longer had jurisdiction. Therefore, the trial court erred in determining that the October 8, 1998, orders were "void as *res judicata*."

### D. Supreme Court Rule 137 Sanction

 Our ruling on the above issues requires that we also reverse the trial court's August 18, 1999, Supreme Court Rule 137 (155 Ill. 2d R. 137) sanction granting defendants attorney fees in the amount of $1,618. We note that the trial court did not have jurisdiction on August 18, 1999, to sanction plaintiff for "intentionally filing motions which he knew were *res judicata* in an attempt to collect unearned fees and costs" as alleged by defendants in their motion for sanctions. Furthermore, our analysis above indicates that the trial court erred as a matter of law in determining that plaintiff engaged in misconduct by merely seeking relief, in the October 8, 1998, orders, to which he was entitled under the law. We also reverse that portion of the trial court's order which required the $500 held in escrow by the clerk of the circuit court of Cook County to be paid to defendants' attorney in partial satisfaction of the August 18 sanction order.

### E. Postjudgment Interest

 Plaintiff's final argument on appeal is that the trial court

erred as a matter of law when it failed to award him postjudgment interest arising out of the September 2, 1998, judgment award. Section 2—1303 of the Code provides in relevant part:

"Judgments recovered in any court *shall* draw interest at the rate of 9% per annum from the date of the judgment until satisfied \*\*\*. When judgment is entered upon any award, \*\*\* interest *shall* be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." (Emphasis added.) 735 ILCS 5/2—1303 (West 1998).

Courts have held that the legislature did not vest the trial court with discretion in assessing interest under section 2—1303 of the Code. *Contract Development Corp. v. Beck*, 255 Ill. App. 3d 660, 673 (1994), citing *In re Marriage of Scafuri*, 203 Ill. App. 3d 385, 398 (1990). Rather, imposition of statutory interest at the rate of 9% from the date the final judgment was entered is mandatory. See *Eddings v. Board of Education*, 305 Ill. App. 3d 584, 593-94 (1999). Therefore, we find that the trial court erred in refusing to award plaintiff postjudgment interest.

In light of our decision, plaintiff is entitled to interest on the September 2, 1998, judgment for $8,689 at the statutory rate of 9% to accrue from October 8, 1998, the date final judgment was entered to the date on which the judgment was satisfied. Plaintiff is also entitled to accrued interest at a rate of 9% on the $500 unsatisfied portion of the judgment which has been outstanding since June 3, 1999.

## III. CONCLUSION

For the reasons stated above, the trial court's order vacating the October 8, 1998, judgment orders and terminating citations is reversed. We also reverse the trial court's order granting defendant's motion for sanctions and denying plaintiff's motion to release $500 held in escrow and plaintiff's motion for postjudgment interest. This cause is remanded to the circuit court of Cook County for a determination of the amount of postjudgment interest to be awarded plaintiff and other proceedings consistent with this opinion.

Reversed; cause remanded.

McNULTY, P.J., and GORDON, J., concur.