No. 3--07--0629

Filed June 25, 2008

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| ARLYN LANDHEER and MARK LANDHEER, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, |
| Plaintiffs and Counterdefendants-Appellees, | ) ) ) | Whiteside County, Illinois |
| v. | ) ) | |
| | ) | No. 2004-MR-65 |
| WARREN LANDHEER, Individually and as Successor Trustee of the Landheer Family Trust, | ) ) ) ) | |
| Defendant and Counterplaintiff-Appellant. | ) ) ) | Honorable Michael R. Albert, Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

Plaintiffs, Arlyn and Mark Landheer, brought suit to have the trial court enter a declaratory judgment that a certain document (the disputed document) signed by their father shortly before his death is not an effective amendment to the Landheer Family Trust (the trust). Defendant, Warren Landheer, individually and as successor trustee of the trust, filed a counterclaim for a declaratory judgment to the contrary. Plaintiffs filed a motion to dismiss the counterclaim pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2006)) asserting that the disputed document is void because it was prepared by a person who is not an attorney, in violation of section 2BB of the Consumer Fraud and Deceptive Business Practices Act (the Act) (815 ILCS 505/2BB (West 2006)). The trial court granted the motion to dismiss. Defendant appeals, arguing that the

motion to dismiss should have been denied because section 2BB does not prohibit the drafting of a document that merely amends a living trust, and that even if it does, the disputed document does not violate the Act or the public policy of this state since defendant acted only as a scrivener of the document and since the trust specifically provided that it could be amended by written instrument delivered to the trustee. We affirm the grant of the motion to dismiss.

FACTS

The two plaintiffs and defendant are the three sons of Herbert and Mildred Landheer. Herbert and Mildred owned two 160-acre farms in Whiteside County referred to as the Home Farm and the Union Grove Township Farm. In 1985, Herbert and Mildred each executed a will. In each of the wills, the other spouse was named as executor and defendant and Arlyn were named as successor co-executors. In 1996, Herbert and Mildred jointly created the trust. Of relevance to this appeal, the trust provided: (1) that it could be amended by writing instrument signed by either of the grantors and delivered to the trustee, and (2) that upon the death of both of the grantors, the trust's interest in the Union Grove Township Farm would be distributed to defendant subject to defendant paying plaintiffs two-thirds of the appraised value.

Mildred died in 2001. After Mildred's death, Herbert transferred his interest in the farms to the trust. Sometime after that, Herbert was diagnosed with cancer. On June 29, 2003, Herbert signed the disputed document, which was presented to him by defendant. The disputed document was entitled, "Last Will and Testament of Herbert W. Landheer," and provided as follows:

"To whom it may concern, for the purpose of settling and distributing my estate. The value of my real estate property is to be set at no more than a total of

2

$675,000 for both farms, including all buildings. Warren Landheer has the option of purchasing his brothers share of the real estate for no more than $450,000, or for no more than $225,000 each. All other personal property is to be shared equally between my three sons, except for the car and Ford truck, which is to go to my son, Arlyn. All costs, expenses, and debts of the estate are to be shared equally between my three heirs, Warren, Mark, and Arlyn Landheer. Warren Landheer is to serve as Executor of my Will and Estate. Being of sound mind, these are my wishes and Last Will, which supercedes any and all previous wills."

The disputed document was signed by Herbert in the presence of Mark Landheer (one of the plaintiffs) and Pat Wagenecht (a third party), whose signatures also appear on the document. Herbert passed away a short time later on July 7, 2003.

Plaintiffs subsequently brought the instant action seeking a declaratory judgment that the disputed document is not an effective amendment to the trust. In the complaint, plaintiffs alleged, among other things, that the fair market value of the two farms is much greater than the established value set forth in the disputed document. Defendant filed a counterclaim seeking a declaratory judgment to the contrary. Plaintiffs filed a section 2-619 motion to dismiss the counterclaim asserting that the disputed document is void because it was prepared by a person who is not an attorney, in violation of section 2BB of the Act.

Attached to some of the pleadings in the trial court were certain portions of defendant's deposition testimony regarding the matter. In his deposition, relevant to the issue raised on appeal, defendant testified to the following. Herbert told defendant that he had learned from an acquaintance that he did not have to set the value of the farms by an appraisal and that he could specify a value

himself. Herbert felt that he had paid too much for some property in the past because the value was set by an appraisal and wanted to avoid the use of an appraisal to value the farms. Herbert did not want an appraiser getting involved in his business and did not want any haggling or squabbling.

Defendant took some notes of what Herbert wanted, took the notes home, and had his wife type up the disputed document. Defendant and his wife did not use a form document to determine the appropriate wording for the disputed document. Defendant decided to title the disputed document, "Last Will and Testament," because he did not know what else to put for the title, he did not have a copy of the trust, and he did not think of calling the disputed document an amendment to the trust. Defendant did not recall why he put in the disputed document that he was to be the sole executor of the estate and did not remember Herbert telling him to do that. Defendant did not wait for Herbert's attorney to take care of the matter because Herbert was concerned about his failing health and wanted the document done right away. Defendant handled the matter as he was instructed to do by Herbert. Herbert told defendant to get the disputed document prepared and signed and to then take the document to Herbert's attorney. Herbert came up with the $675,000 value for the farms based on what Herbert thought was a fair value for the land per acre.

The disputed document was signed on a Sunday morning a short time after Herbert had discussed the matter with defendant. Defendant brought the document over to Herbert's house. Defendant's brother, Mark (one of the plaintiffs), was there at the time and so was a person named Pat Wagenecht. Defendant placed the disputed document in front of Herbert, told Herbert to look at it, and asked Herbert if that was what Herbert wanted defendant to do. Defendant told Herbert that the disputed document contained what they had discussed regarding prices for the farms. Herbert looked over the document and told defendant that the document was what he wanted.

4

Herbert signed the disputed document. Defendant asked Mark and Pat Wagenecht to sign the document as well to verify Herbert's signature. A few days later, at Herbert's direction, defendant took the document to Herbert's attorney and was told that the document was sufficient to amend the trust.

After considering the matter, the trial court granted the section 2-619 motion to dismiss defendant's counterclaim. In so doing, the trial court noted that even if Herbert had prepared the disputed document himself, it would have been a violation of section 2BB since Herbert was not an attorney. Defendant filed a motion to reconsider, which the trial court denied. The trial court later made a finding pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)) that there was no just reason to delay an appeal in this case. This appeal followed.


ANALYSIS

On appeal, defendant argues that the trial court erred in granting the section 2-619 motion to dismiss. A trial court's grant of a section 2-619 motion to dismiss is subject to a de novo standard of review on appeal. Van Meter v. Darien Park District, 207 Ill. 2d 359, 368, 799 N.E.2d 273, 278 (2003). In conducting that review, the reviewing court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party. Van Meter, 207 Ill. 2d at 367-68, 799 N.E. 2d at 278.

In support of his argument, defendant first asserts, as a matter of statutory construction, that section 2BB of the Act does not prohibit the drafting of a document that merely amends a living trust. Section 2BB provides, in pertinent part, that "[t]he assembly, drafting, execution, and funding of a living trust document or any of those acts by a corporation or a nonlawyer is an unlawful

practice within the meaning of this Act." 815 ILCS 505/2BB (West 2006). In determining the meaning of a statute, the primary rule is to ascertain and give effect to the intent of the legislature. Town & Country Utilities, Inc. v. Illinois Pollution Control Board, 225 Ill. 2d 103, 117, 866 N.E.2d 227, 235 (2007). The most reliable indicator of that intent is the language of the statute itself. Town & Country Utilities, Inc., 225 Ill. 2d at 117, 866 N.E.2d at 235. If the statutory language is clear and unambiguous, it must applied as written, without resorting to further aids of statutory construction. Town & Country Utilities, Inc., 225 Ill. 2d at 117, 866 N.E.2d at 235. A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent. Town & Country Utilities, Inc., 225 Ill. 2d at 117, 866 N.E.2d at 235.

In the present case, the statutory language is clear and unambiguous. It expressly prohibits the assembly, drafting, execution, and funding of a living trust document by a nonlawyer. The plain language of the statute refers to "a living trust document" and does not make an exception for documents that merely amend a living trust. As noted above, we must apply the plain language of the statute as written and cannot read exceptions into the statute that the legislature did not intend. See Town & Country Utilities, Inc., 225 Ill. 2d at 117, 866 N.E.2d at 235. We find, therefore, that the plain language of section 2BB prohibits a nonlawyer from drafting a document that amends a living trust for another person. The Second District Appellate Court case of Whittaker v. Stables, 339 Ill. App. 3d 943, 791 N.E.2d 588 (2003), cited by defendant, does not support a conclusion to the contrary. Nowhere in that decision is section 2BB of the Act even mentioned. See Whittaker, 339 Ill. App. 3d at 946-48, 791 N.E.2d at 591-92.

In finding that section 2BB of the Act prohibits a nonlawyer from drafting an amendment to a living trust for another person, we note, however, that the statute does not prohibit an individual

6

from preparing his own living trust documents, even if that individual is not an attorney. To rule to the contrary, as the trial court apparently did, would be to ignore the entire purpose of the Act, which is to protect consumers from fraud and deceptive business practices. See Totz v. Continental DuPage Acura, 236 Ill. App. 3d 891, 901, 602 N.E.2d 1374, 1380 (1992). The prohibition contained in section 2BB must be interpreted in light of the purpose of the statute. See Town & Country Utilities, Inc., 225 Ill. 2d at 117, 866 N.E.2d at 235 (the words and phrases of a statute should not be interpreted in isolation but, rather, must be interpreted in light of the other relevant provisions of the statute). There is nothing about a person drafting his or her own living trust documents that would give rise to a claim of fraud or deceptive business practices.

Defendant next asserts that even if section 2BB applies to a document that amends a living trust, the facts of the present case do not violate the Act or the public policy of this state because defendant acted only as a scrivener of his father's last wishes and because the trust specifically provided that it could be amended by written instrument delivered to the trustee. Defendant's assertion, however, that he was only a scrivener, is not supported by the record, even when viewed in the light most favorable to defendant. Defendant's own deposition testimony established that defendant acted as much more than a scrivener of the disputed document. Defendant listened to his father's concerns, decided upon the appropriate language to put into the disputed document, and even added provisions that defendant thought would be important, such as appointing himself sole executor of the estate. Defendant's assertion, that he was merely a scrivener, therefore, must be rejected. In addition, while it is true that the trust provided for amendments to be made by written instrument delivered to the trustee, the trust provisions still must comply with the laws of this state, including the provisions of section 2BB of the Act.

The disputed document was drafted by a nonlawyer for another person in violation of section

7

2BB of the Act and does not constitute a valid amendment to the trust.  The trial court, therefore, properly granted the section 2-619 motion to dismiss defendant's counterclaim.

For the foregoing reasons, we affirm the judgment of the circuit court of Whiteside County.

Affirmed.

HOLDRIDGE and SCHMIDT J. J. concurring.