# Illinois Official Reports

## Appellate Court

---

*The Habitat Company, LLC v. Peeples*, 2018 IL App (1st) 171420

---

| | |
|---|---|
| Appellate Court Caption | THE HABITAT COMPANY, LLC, as Agent for Elm Street Plaza, Plaintiff-Appellee, v. SHUN PEEPLES, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-17-1420 |
| Filed | June 22, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-M1-700605; the Hon. Jim Ryan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Bluhm Legal Clinic, of Northwestern Pritzker School of Law, of Chicago (Laurie Mikva, of counsel, and Joseph Becker and Nina Terebessy, law students), for appellant.<br><br>Sanford Kahn, LLP, of Chicago (Michael Griffin, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE REYES delivered the judgment of the court, with opinion.<br>Justices Lampkin and Rochford concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant Shun Peeples appeals from an order of the circuit court of Cook County denying her motion to seal her eviction court file pursuant to section 9-121(b) of the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-121(b) (West 2016)).[1] On appeal, defendant asserts that the circuit court erred in its interpretation of section 9-121(b) of the Act and thus improperly denied her motion to seal. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 2                                              I. BACKGROUND

¶ 3        This matter commenced as a forcible entry and detainer action initiated by plaintiff, The Habitat Company, LLC, as agent for Elm Street Plaza (a property management company) against defendant (a tenant at a premises managed by plaintiff). In its complaint, plaintiff alleged that defendant breached the terms of her lease. Specifically, plaintiff asserted that on two separate occasions defendant verbally abused and used profanity toward the door staff at the premises in a hostile, threatening, and aggressive manner. Plaintiff maintained that defendant's repeated conduct disrupted the livability of the premises, interfered with management of the premises, and adversely affected the safety of the door staff. Plaintiff further asserted that defendant's actions were criminal and constituted the crime of disorderly conduct.

¶ 4        In lieu of a responsive pleading, defendant filed a motion for summary judgment in which she argued that she did not engage in any unlawful or criminal activities on plaintiff's property in violation of the terms of her lease.[2] Defendant further maintained that the "verbal abuse" and profanity directed toward the door staff did not constitute a material violation of the terms of the lease. In response to the motion for summary judgment, plaintiff argued that defendant was in material noncompliance with her lease where, on two separate occasions, she verbally abused and used profanity towards the door staff at the premises in a hostile, threatening, and aggressive manner. Plaintiff maintained that her conduct disrupted the livability of the premises, interfered with the management of the premises, and adversely affected the safety of the door staff. Plaintiff asserted that a genuine issue of material fact existed regarding whether defendant's conduct constituted material noncompliance under her lease. Plaintiff attached an affidavit of Andrew Floyd, a doorman at the premises, to its response. Floyd averred that on December 17 and December 18, 2014, defendant approached the front desk in an irate and aggressive manner, was verbally abusive toward him and his colleague, and stated in a threatening manner that he and his colleague were "b*** a***" and "lazy motherf***" who "don't do s*** all day." Floyd further averred that defendant continued to use inappropriate language and he found her aggressiveness and hostility to be unsettling, threatening, unreasonable, alarming, and disturbing. Plaintiff also attached the affidavit of Nicole Salter,

---

[1]As of January 1, 2018, the Forcible Entry and Detainer Act is now known as the Eviction Act. Pub. Act 100-173, § 30 (eff. Jan. 1, 2018) (amending 735 ILCS 5/9-101 *et seq*.). We will use the title of the Act in effect at the time of the filing of this suit.

[2]Pursuant to section 9-106 of the Act, a defendant need not file an answer or any other pleading, but instead "may under a general denial of the allegations of the complaint offer in evidence any matter in defense of the action." 735 ILCS 5/9-106 (West 2016).

the community manager for the apartment building. Salter averred that she is "familiar with *** incidents involving tenants, reports of incidents involving tenants, disruptions in the livability of the premises." Salter did, however, attest that defendant's "verbally abusive conduct and use of profanity toward Habitat's door staff on December 17 and 18, 2014, disrupted the livability of the building, adversely affected Habitat's agents' safety and the safety of the premises' tenants, interfered with the management of the building, and, in my determination, constituted the crime of disorderly conduct."

¶ 5　　After the matter was fully briefed and argued, the circuit court granted defendant's motion for summary judgment in part and denied it in part. Summary judgment was granted as to plaintiff's allegations that defendant's conduct was criminal or unlawful. Summary judgment, however, was denied as to whether defendant was in material noncompliance with the terms of the lease.

¶ 6　　Shortly thereafter, on August 3, 2015, an "agreed settlement order" (agreed order) was entered by the circuit court. The agreed order provided that the matter was dismissed with leave to reinstate and that the circuit court was to retain jurisdiction over the matter until December 31, 2016. Defendant was allowed to continue to reside at the premises. She was, however, prohibited from verbally attacking or using profanity toward any of plaintiff's employees. A motion to reinstate was never filed; the agreed order dismissing the matter thus became final on December 31, 2016. No order was entered memorializing the dismissal with prejudice on December 31, 2016.

¶ 7　　In March 2017, defendant filed a motion pursuant to section 9-121(b) of the Act (735 ILCS 5/9-121(b) (West 2016)) to seal the court file. Section 9-121(b) provides:

　　　　"Discretionary sealing of court file. The court may order that a court file in a forcible entry and detainer action be placed under seal if the court finds that the plaintiff's action is sufficiently without a basis in fact or law, which may include a lack of jurisdiction, that placing the court file under seal is clearly in the interests of justice, and that those interests are not outweighed by the public's interest in knowing about the record." 735 ILCS 5/9-121(b) (West 2016).[3]

In her motion, defendant maintained that the forcible entry and detainer action against her was sufficiently without a basis in fact or law because, pursuant to the agreed order, the matter had been dismissed and plaintiff could no longer reinstate the case. Defendant further asserted that sealing the court file was in the interest of justice because her ability to obtain alternative housing was being affected by this case. Defendant maintained that the interests of justice are not outweighed by the public's interest in the knowledge contained in the record of the eviction action because the matter was not disposed of against her, rather it was dismissed with prejudice.

¶ 8　　In response, plaintiff asserted that its action had a sufficient basis in fact or law, as evidenced by the circuit court's denial, in part, of defendant's motion for summary judgment. Plaintiff stressed the importance of court records being accessible to the public and noted that

---

[3]We observe that this section was amended effective January 1, 2018. The amendment, however, did not substantively change subsection (b), as only the phrase "forcible entry and detainer action" was changed to "eviction action." Pub. Act 100-173, § 30 (eff. Jan. 1, 2018) (amending 735 ILCS 5/9-121(b)).

defendant's claim regarding her failure to obtain alternative housing was incorrect where she was not currently agreeing to vacate the premises.

¶ 9        In reply, defendant maintained that section 9-121(b) did not require her to demonstrate that "both prongs of the statute are met," only that either the action was sufficiently without a basis in fact or law, or that sealing is in the interests of justice and those interests are not outweighed by the public's interest in access to the record. Specifically, defendant asserted that there was no basis in law or fact where (1) plaintiff's action was dismissed with leave to reinstate and plaintiff never moved to reinstate; (2) plaintiff's allegations were never adjudicated, thus they remain unproven and dismissed; and (3) under the terms of the agreed order, jurisdiction in the case lapsed on December 31, 2016. Defendant further maintained that sealing the file would serve the interests of justice by allowing her a fair opportunity to find new rental housing. Defendant's affidavit stated she is "a resident in good standing at Elm Street Plaza" but would like to move but is unable to find "alternative housing." Defendant further averred she had applied to lease new housing, but her application was rejected because she had an "Eviction Record Match." Defendant also noted that the public's interest in access to court files is not absolute, particularly where the eviction court file is being used for an improper purpose. Defendant observed that "on the basis of unadjudicated allegations, landlords have already used and will continue to use their knowledge of this file to deny [defendant] access to rental housing."

¶ 10        After hearing argument in the matter, the circuit court initially determined that although the motion was brought over 30 days after the case had been dismissed with prejudice, it had subject-matter jurisdiction because section 9-121(b) did not impose any time limit to bringing a motion to seal. Regarding the merits of the motion, the circuit court read section 9-121(b) to set forth "three separate elements" that must be established to seal a court file. The circuit court then concluded that defendant failed to establish the first element, that plaintiff's action was sufficiently without a basis in fact or law. In so concluding, the circuit court relied on the language of the agreed order wherein defendant specifically agreed to control her conduct in regard to plaintiff's employees, thereby establishing that plaintiff's action did have a basis in fact and law. The circuit court concluded that since defendant could not establish the first element, it need not make any findings regarding the remaining elements. This appeal followed.

¶ 11                                                II. ANALYSIS

¶ 12        On appeal, defendant maintains that the circuit court improperly interpreted section 9-121(b) of the Act and thus erred when it denied her motion to seal. In response, plaintiff first asserts that the circuit court lacked subject-matter jurisdiction to consider defendant's motion to seal and, as a result, this court lacks jurisdiction. As our jurisdiction is integral to rendering a determination in this matter, we first turn to consider this threshold issue. *In re Benny M.*, 2017 IL 120133, ¶ 17.

¶ 13                                              A. Jurisdiction

¶ 14        Plaintiff maintains that the circuit court did not have subject-matter jurisdiction to consider the motion to seal because it was filed more than 30 days after the agreed order became final on December 31, 2016. Our review of a circuit court's decision concluding that it has

subject-matter jurisdiction is *de novo*. *Harper Square Housing Corp. v. Hayes*, 305 Ill. App. 3d 955, 959 (1999).

¶ 15    The general rule is that a trial court loses jurisdiction over a case and has no authority to vacate or modify a final judgment once 30 days have elapsed, unless a timely postjudgment motion has been filed. *Robinson v. Point One Toyota, Evanston*, 2012 IL App (1st) 111889, ¶ 18. Every final judgment of a circuit court in a civil case is appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Illinois Supreme Court Rule 303 provides that the appellate court has jurisdiction to hear an appeal in a civil case when the notice of appeal is filed within 30 days after entry of a final order. Ill. S. Ct. R. 303 (eff. Jan. 1, 2015).

¶ 16    A postjudgment motion must ordinarily be filed within 30 days of judgment. See 735 ILCS 5/2-1202(c) (West 2016) (motions in jury cases); 735 ILCS 5/2-1203(a) (West 2016) (motions in non-jury cases); 735 ILCS 5/2-1301(e) (West 2016) (motion to vacate default judgment). After the expiration of the 30-day period, the trial court lacks the necessary jurisdiction to amend, modify, or vacate its judgment. *Robinson*, 2012 IL App (1st) 111889, ¶ 18. Once jurisdiction has been lost, the only means of challenging the judgment is through a collateral attack, by filing a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)), or by proceeding under section 2-1301(g) of the Code of Civil Procedure (735 ILCS 5/2-1301(g) (West 2016)). *Jones v. Unknown Heirs or Legatees of Fox*, 313 Ill. App. 3d 249, 252-53 (2000).

¶ 17    Here, no postjudgment motion was filed within 30 days of December 31, 2016, the date the dismissal became final. Defendant filed her motion to seal pursuant to section 9-121(b) of the Act in March 2017, beyond the 30-day period. Looking purely at the timing of defendant's motion, plaintiff argues that the circuit court lacked jurisdiction to consider the motion.

¶ 18    Defendant, however, maintains she is not attacking the agreed order or the resulting dismissal but is instead raising a freestanding, collateral action to have her court file sealed. Defendant contends that the circuit court properly determined that it had jurisdiction as section 9-121(b) allows for such an action to be filed and cites *People v. Mingo*, 403 Ill. App. 3d 968 (2010). While we acknowledge that *Mingo* is a criminal matter, the pertinent issues therein were primarily ones of statutory construction and subject-matter jurisdiction, and we find the analysis in *Mingo* helpful and relevant to our considerations of the issues here.

¶ 19    In *Mingo*, the defendant was convicted of robbery and aggravated battery in 2004 and was ordered to pay "an undelineated $243 in '[f]ines, [c]ourt [c]osts, [f]ees [and] [p]enalties' " along with a $200 DNA assessment and awarded a credit of $5 per day spent in presentencing custody, totaling $1565. *Id.* at 970. Four years later, in 2008, the defendant filed a petition for revocation of the fines under section 5-9-2 of the Unified Code of Corrections (730 ILCS 5/5-9-2 (West 2008)). *Mingo*, 403 Ill. App. 3d at 970. The trial court denied the petition. *Id.* On appeal, defendant raised only the issue that the presentencing credit fully satisfied the DNA assessment and the judgment should be corrected to so reflect. *Id.*

¶ 20    Prior to addressing the merits of the defendant's claim, the reviewing court considered whether the trial court lacked jurisdiction to consider the defendant's petition in that the petition was filed more than 30 days after final judgment. *Id.* The *Mingo* court observed that the fact 30 days had passed since the judgment was entered does not "restrict the trial court's ability to address freestanding, collateral actions, such as postconviction petitions (725 ILCS 5/122-1 (West 2008)) or petitions brought under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008))." *Id.* at 970-71.

¶ 21    In order to determine if the defendant's petition was a freestanding, collateral action, the *Mingo* court considered the language and purpose of the statute. *Id.* at 971. Section 5-9-2 provides: " 'Except as to fines established for violations of Chapter 15 of the Illinois Vehicle Code [(625 ILCS 5/15-101 *et seq.* (West 2008))], the court, upon good cause shown, may revoke the fine or the unpaid portion or may modify the method of payment.' " *Id.* (quoting 730 ILCS 5/5-9-2 (West 2008)). In examining the plain language of section 5-9-2, the reviewing court concluded that "the legislature intended petitions for the revocation of fines to be freestanding actions, collateral to the original action." *Id.* The court noted that section 5-9-2 "does not impose any time limit on the filing of a petition to revoke fines" and that such a limitation is within the purview of the legislature, not the courts. *Id.* The *Mingo* court further noted that, "the legislature has demonstrated, on numerous occasions, its ability to set time limits for the filing of motions and petitions when it has so chosen." *Id.* The court also observed that "to read section 5-9-2 as requiring the filing of a petition for revocation of fines within 30 days of the judgment would be to make section 5-9-2 duplicative of section 5-8-1(c), thus rendering section 5-9-2 superfluous and meaningless." *Id.* at 972.

¶ 22    Finally, the *Mingo* court stated that the good-cause requirement in section 5-9-2 indicated that the legislature intended the statute to "provide a defendant relief from fines when factors, external to the original proceedings, would warrant the revocation of the fines to ease a defendant's financial burden." *Id.* This, according to the court, would "certainly" arise after 30 days had passed from the imposition of the sentence. *Id.*

¶ 23    In light of *Mingo*, in order for us to determine here whether a motion to seal pursuant to section 9-121(b) of the Act is a freestanding, collateral action, we must interpret the language of section 9-121(b), which we do *de novo. Bank of New York Mellon v. Laskowski*, 2018 IL 121995, ¶ 12. The principles governing statutory interpretation are familiar and well settled. The cardinal rule of statutory construction is to ascertain and give effect to the legislature's intent. *Id.* The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. *Id.* That said, a court also will presume that the legislature did not intend absurd, inconvenient, or unjust results. *Id.* Consequently, where a plain or literal reading of a statute renders such results, the literal reading should yield. *Id.*

¶ 24    The plain language of section 9-121(b) indicates that the legislature intended that motions to seal the court file could be filed while the action was pending or as freestanding actions, collateral to the original action. 735 ILCS 5/9-121(b) (West 2016). As in *Mingo*, the statute does not impose any time limit on the filing of a motion to seal the court file. See *Mingo*, 403 Ill. App. 3d at 971. Thus, we cannot read the statute as requiring that the motion to seal must be filed within 30 days of the entry of the judgment, as the legislature did not express such a requirement. See *Moon v. Rhode*, 2016 IL 119572, ¶ 22.

¶ 25    In addition, we acknowledge, as the *Mingo* court did, "the legislature has demonstrated, on numerous occasions, its ability to set time limits for the filing of motions and petitions when it has so chosen." *Mingo*, 403 Ill. App. 3d at 971. Notably, the Act is procedurally governed by the Code of Civil Procedure (Code) (735 ILCS 5/1-101 *et seq.* (West 2016)) (in fact it is an act within the Code), which includes time limit prescriptions for the filing of various motions. See 735 ILCS 5/2-1203(a) (West 2016) (a party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief); 735 ILCS 5/2-1301(e) (West 2016) (the court may on motion filed within

- 6 -

30 days after the entry of a final order or judgment set aside any final order or judgment upon any terms and conditions that shall be reasonable). The legislature chose not to impose a time limitation as to a motion to seal under section 9-121(b).

¶ 26     The purpose of section 9-121(b) is to provide tenants protection from the adverse impact of eviction actions that had no sufficient legal or factual basis. The full adverse impact of an eviction action, such as a tenant's inability to find alternative housing due to the eviction record, will most likely come to light after the case has been resolved. The legislature's decision not to include a time limitation thus serves the purpose of section 9-121(b) and demonstrates that the motion should be viewed as an independent proceeding. See *Mingo*, 403 Ill. App. 3d at 971. Accordingly, we conclude based on the plain language and purpose of section 9-121(b) that the legislature intended that a motion to seal is a freestanding, collateral action not subject to the ordinary 30-day jurisdictional time limit. See *id.* at 972. Consequently, we find the circuit court did not err when it determined it had subject-matter jurisdiction to consider defendant's motion to seal.

¶ 27     Nonetheless, plaintiff maintains that we lack appellate jurisdiction because the order denying the motion to seal was not a final order.

¶ 28     Pursuant to the Illinois Constitution, our jurisdiction is limited to appeals from final judgments. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Absent a supreme court rule, we lack jurisdiction to review judgments, orders, or decrees that are not final. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 22 (citing *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9). "An order is final and thus appealable if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate branch thereof." *BankFinancial, FSB v. Tandon*, 2013 IL App (1st) 113152, ¶ 18 (citing *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 19).

¶ 29     Here, as discussed, the eviction action was dismissed with prejudice in its entirety on the basis of the agreed order and the motion to seal was an independent, collateral action. We therefore find that the order denying defendant's motion to seal is a final and appealable order as it disposed of the rights of the parties as to the issue of sealing and there were no other pending claims or issues as to the underlying litigation. See *Village of Bellwood v. American National Bank & Trust Co.*, 2011 IL App (1st) 093115, ¶ 15 (finding an order denying a party's motion to abandon eminent domain proceedings was a final and appealable order).

¶ 30     In so finding, we reject plaintiff's argument that, by pursuing her motion to seal, defendant was attempting to unilaterally modify the agreed order. As we have found, defendant's motion to seal does not attack or contest the agreed order or the resulting dismissal with prejudice; rather, defendant sought only that her court file be sealed, which was a separate and distinct proceeding from the underlying litigation and the agreed order. See *id.* ¶ 16.

¶ 31     In summary, we thus conclude the circuit court had subject-matter jurisdiction to consider defendant's motion to seal and we have jurisdiction to entertain defendant's appeal from the order denying that motion.

¶ 32                                B. The Motion to Seal

¶ 33     On appeal, defendant maintains that the circuit court erred (1) in its interpretation of section 9-121(b) and (2) when it denied her motion to seal. We address each claim in turn.

¶ 34                              1. Statutory Construction of Section 9-121(b)

¶ 35        For ease of reference, we again set forth section 9-121(b):

> "Discretionary sealing of court file. The court may order that a court file in a forcible entry and detainer action be placed under seal if the court finds that the plaintiff's action is sufficiently without a basis in fact or law, which may include a lack of jurisdiction, that placing the court file under seal is clearly in the interests of justice, and that those interests are not outweighed by the public's interest in knowing about the record." 735 ILCS 5/9-121(b) (West 2016).

¶ 36        Defendant raises two issues of statutory construction. First, defendant maintains that the trial court improperly read the statute to require a showing of three, instead of two, separate elements. Defendant contends that the second comma in subsection (b) should be construed as an "or" not "and." Thus, defendant asserts that the trial court has the discretion to seal the records *either* where the movant has demonstrated the matter is without a sufficient basis in fact or law *or* where the interests of justice outweighs the public's interest in the transparency of the judicial system. Defendant maintains that such a construction of section 9-121(b) gives effect to the legislature's intent, which, according to defendant, is to "make it easier for courts to seal eviction records" and to protect individuals who "find themselves with a black mark on their proverbial permanent record." (Internal quotation marks omitted.) 96th Ill. Gen. Assem., House Proceedings, Apr. 23, 2010, at 22 (statements of Representative Fritchey).

¶ 37        Plaintiff responds that the circuit court correctly determined that, under section 9-121(b), the court must make three findings, and not two, before sealing a file.

¶ 38        We agree with plaintiff that the plain language of the statute indicates that the legislature intended for the circuit court judge to render three distinct findings under section 9-121(b). First, the statute expressly states that the circuit court may enter an order sealing the eviction court file upon findings that (1) the action is without a sufficient basis in fact or law, (2) the sealing is clearly in the interests of justice, and (3) those interests of justice outweigh the public's interest in knowledge of the case. 735 ILCS 5/9-121(b) (West 2016). The plain language dictates such a reading. After directing the court to make these certain findings, the statute lists those findings, with each finding preceded by the word "that." These necessary findings are separated by a comma and the word "and" is employed after the final comma. The well established rules of statutory construction require that the word "and" be read "as conjunctive and not disjunctive" and that the use of the word " 'indicates that the legislature intended that *all* of the listed requirements are to be met.' " (Emphasis in original.) *Soh v. Target Marketing Systems, Inc.*, 353 Ill. App. 3d 126, 131 (2004) (quoting *Gilchrist v. Human Rights Comm'n*, 312 Ill. App. 3d 597, 602 (2000)) . We conclude that the legislature intended for these findings to be read conjunctively in a series. Accordingly, we decline to adopt defendant's reading of the statute, which would require us to read a word ("or") into the statute that does not exist. See *Weather-Tite, Inc. v. University of St. Francis*, 233 Ill. 2d 385, 390 (2009) ("We will not depart from a statute's plain language by reading into it exceptions, limitations, or conditions that conflict with the legislative intent.").

¶ 39        Second, defendant asserts that the circuit court improperly interpreted the statute to require a determination that plaintiff's eviction action was sufficiently without a basis in fact or law *when it was initially filed*. Defendant maintains that because the statute uses the word "is" in the phrase "if the court finds that the plaintiff's action *is* sufficiently without a basis in fact or law," the proper reading of the statute requires the circuit court to consider whether plaintiff's

case *currently* (*i.e.*, at the time the motion to seal is filed) presents a sufficient basis. Defendant further asserts that because the circuit court lacked jurisdiction over the eviction action itself when the motion to seal was filed, the action was to be viewed as "currently" being without a sufficient basis in law or fact.

¶ 40 In response, plaintiff argues that a court lacks jurisdiction in "every single case where the time period for taking any legal action has expired." Plaintiff contends that defendant's reading of the statute would lead to absurd results where, just as a consequence of the passage of time, the first element of section 9-121(b) can be satisfied.

¶ 41 We agree with plaintiff that defendant's interpretation (that any time the court lacks jurisdiction over the claim the action would automatically be without a basis in fact or law) would lead to an absurd result. See *Christopher B. Burke Engineering, Ltd. v. Heritage Bank of Central Illinois*, 2015 IL 118955, ¶ 17 (this court "avoids interpreting statutes in a manner that would create absurd results"). Clearly, the legislature did not intend for this first element to be met solely on the basis of the passage of time, *e.g.*, that 30 days had expired since the circuit court rendered a final judgment or a determination on a posttrial motion in the eviction action. To allow such a result would essentially render this element superfluous, for in order to satisfy the first element, all a party in an eviction action would need to do is wait until the circuit court no longer had jurisdiction and then file the motion to seal. See *Better Government Ass'n v. Illinois High School Ass'n*, 2017 IL 121124, ¶ 22 ("A reasonable construction must be given to each word, clause, and sentence of a statute, and no term should be rendered superfluous."). This cannot be what the legislature intended.

¶ 42 The inclusion of the phrase "which may include a lack of jurisdiction" thus informs us of the timing of the preceding clause, "if the court finds that the plaintiff's action is sufficiently without a basis in fact or law." 735 ILCS 5/9-121(b) (West 2016). As lack of jurisdiction cannot mean a lack of jurisdiction simply because the matter has concluded at the time the motion to seal is filed, it must therefore mean a lack of personal or subject-matter jurisdiction while the case was pending. As previously discussed, the "which may include a lack of jurisdiction" language thus contemplates a defendant challenging subject-matter or personal jurisdiction issues at the outset of the matter, but at least before the matter concludes. *Id.* Therefore, it follows that the circuit court is to examine whether a plaintiff's action is sufficiently without a basis in fact or law on all other ground as well while the matter was pending.

¶ 43 In sum, the plain language of section 9-121(b) of the Act requires the circuit court to render findings regarding three distinct elements, where determination of the first element must be made in consideration of whether the case when pending had a sufficient legal and factual basis.

¶ 44 2. The Propriety of the Circuit Court's Ruling on the Motion to Seal

¶ 45 Having so interpreted the statute, we now turn to consider whether the circuit court correctly denied defendant's motion to seal solely on the first prong of section 9-121(b) when it found that plaintiff's action had a sufficient basis in fact or law. See 735 ILCS 5/9-121(b) (West 2016).

¶ 46 A circuit court's determination as to whether court records should be sealed is reviewed for an abuse of discretion. *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 233 (2000). The threshold for finding an abuse of discretion is a high one and will not be overcome unless it can

be said that the circuit court's ruling was "arbitrary, fanciful, or unreasonable, or that no reasonable person would have taken the view adopted by the [circuit] court." *Sharbono v. Hilborn*, 2014 IL App (3d) 120597, ¶ 29. When reviewing for abuse of discretion, the appellate court does not substitute its judgment for that of the circuit court or determine whether the circuit court acted wisely. *Andersonville South Condominium Ass'n v. Federal National Mortgage Co.*, 2017 IL App (1st) 161875, ¶ 28.

¶ 47   On appeal, defendant argues that plaintiff's eviction action had no basis in law because at the time the motion to seal was filed, the eviction action had been dismissed with prejudice and thus the circuit court lacked jurisdiction over the eviction action. We disagree. As previously discussed, this argument is based on a misinterpretation of section 9-121(b). If we were to agree with defendant's argument, any defendant who waited until the circuit court lost jurisdiction over the eviction action would automatically satisfy the first prong of the statute. This cannot be what the legislature intended, as there would be no discretion for the circuit court to exercise regarding this element. See *Landheer v. Landheer*, 383 Ill. App. 3d 317, 321 (2008) (a court may not depart from the plain language of the statute and read into it conditions that are inconsistent with the express legislative intent). Defendant has offered no other argument that the case had an insufficient basis in fact or law. It is not "the obligation of this court to act as an advocate or seek error in the record" (*U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009)), nor is it the province of this court to substitute our judgment for that of the circuit court (*Andersonville South Condominium Ass'n*, 2017 IL App (1st) 161875, ¶ 28). Defendant has thus forfeited further review of this issue. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2017) (points not argued on appeal are forfeited); see *Vine Street Clinic v. HealthLink, Inc.*, 222 Ill. 2d 276, 301 (2006) (arguments not raised in either the circuit or appellate court are forfeited); *Guarantee Trust Life Insurance Co. v. Platinum Supplemental Insurance, Inc.*, 2016 IL App (1st) 161612, ¶ 41 (declining to consider an argument not raised on appeal). Consequently, we conclude that the trial court did not abuse its discretion when it denied defendant's motion to seal.

¶ 48                              III. CONCLUSION
¶ 49   For the reasons stated above, we affirm the determination of the circuit court of Cook County.

¶ 50   Affirmed.