2022 IL App (1st) 200266-U

No. 1-20-0266

Order filed February 24, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CARLA A. WILLIAMS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, LATOYA WILLET, USHER | ) | No. 18 L 10547 |
| RAYMOND IV, and MARILYN (YVONNE) SPICER | ) | |
| (SAIN), | ) | |
| | ) | |
| Defendants, | ) | Honorable |
| | ) | Patricia O'Brien Sheahan, |
| (City of Chicago, Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Plaintiff's *pro se* fourth amended complaint was properly dismissed with prejudice where plaintiff failed to set forth a claim upon which relief could be granted.

¶ 2    Plaintiff Carla A. Williams appeals *pro se* from the circuit court's order granting defendant

City of Chicago's (City) motion to dismiss her *pro se* fourth amended complaint pursuant to

section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)). On appeal, plaintiff asserts that (1) her third amended complaint sufficiently stated a cause of action, (2) the circuit court did not provide "substantial reasons" for why the third amended complaint did not state a cause of action and the court should have "dismissed" the case in her favor, (3) the City "did not have enough evidence to continue," and (4) the City was late or did not appear at certain proceedings. We affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4     On September 28, 2018, plaintiff filed a *pro se* complaint naming as defendants the City, Latoya Willet, "Marilyn (Yvonne) Spicer (Sain)," and pop singer Usher Raymond IV (Usher).[2] She alleged an "open conspiracy" where the City "sat and watched" while Willet "gouge[d] and pr[ied] [plaintiff's] body apart using gang mentality & ritual to create an unhealthy look of obesity and stomach bulge." She also alleged that the City "sat and watched" Usher assault her using "the same gang mentality & ritual by pinching [her] stomach artery causing inflammatory symptoms and other health problems." Additionally, plaintiff claimed that Spicer used "gang mentality & ritual to stimulate herself & others with [plaintiff's] essence, control situations, and establish control within the city by selling illegal cigarettes out of her home." According to plaintiff, the City was "also at fault for body shaming."

¶ 5     The City filed an appearance on November 13, 2018. No other defendants appeared.

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

[2]The names of defendants Willet and Spicer are spelled in different ways throughout plaintiff's *pro se* filings. We adopt the spelling from her notice of appeal. Among the defendants, only the City has filed a brief on appeal.

¶ 6    On December 26, 2018, the City filed a motion to dismiss the complaint, pursuant to section 2-615, 735 ILCS 5/2-615, asserting that the complaint failed to state a claim upon which relief can be granted and that the City had no duty to protect plaintiff from private harm. On April 9, 2019, the circuit court dismissed plaintiff's complaint without prejudice.

¶ 7    On May 17, 2019, plaintiff filed a *pro se* first amended complaint, adding counts against the City for intrusion upon seclusion, misappropriation, public disclosure of private facts, and false light. On June 25, 2019, the City filed a section 2-615 motion to dismiss the first amended complaint. On July 2, 2019, the court granted the motion to dismiss without prejudice.

¶ 8    On August 15, 2019, plaintiff filed a *pro se* second amended complaint, setting forth her account of the case's procedural history but stating no allegations regarding the events described in the previous complaints. On August 19, 2019, plaintiff filed another *pro se* pleading titled "Second Amended Complaint," reiterating the counts against the City from the first amended complaint. The document was filed with a letter stating it was a "corrected copy" of plaintiff's second amended complaint.[3] On September 5, 2019, the City filed a motion to dismiss plaintiff's second amended complaint pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2018)), alleging plaintiff could not state a cause of action.

¶ 9    On September 6, 2019, plaintiff filed a *pro se* third amended complaint.[4] Then, on September 17, 2019, the court granted plaintiff leave to file her "revised" second amended

---

[3]Another copy of the *pro se* "Second Amended Complaint" appears to have been filed on August 30, 2019.

[4]The copy of plaintiff's *pro se* third amended complaint contained in the record appears to be incomplete. We note that to support a claim of error, plaintiff, as the appellant, has the burden to present a "sufficiently complete record" on appeal. *In re Marriage of Gulla & Kanaval*, 234 Ill. 2d 414, 422 (2009).

complaint. On October 7, 2019, the City moved to dismiss the "revised" second amended complaint pursuant to section 2-615 of the Code.

¶ 10    The record does not contain an order dismissing plaintiff's second amended complaint or "revised" second amended complaint, or a motion to dismiss plaintiff's third amended complaint. On October 18, 2019, however, the circuit court dismissed plaintiff's third amended complaint without prejudice, noting it had repeatedly given plaintiff leave to amend her pleadings, encouraged her to seek counsel, and provided a list of resources for legal aid and social services. Nonetheless, plaintiff's third amended complaint failed to plead specific factual allegations against the City. The court permitted plaintiff to file another amended complaint but stated the next dismissal would be entered with prejudice.

¶ 11    On November 19, 2019, plaintiff filed her *pro se* fourth amended complaint, alleging, *inter alia*, that on June 9, 2011, the City "observed" Usher "intrude upon" plaintiff in her bathroom, where he then "reached inside of the left side of her body and pinched the plaintiff's stomach artery," causing plaintiff several health problems. The City allegedly knew of plaintiff's health problems but "proceeded with a host of others in a brigade of ridicule and insult toward the plaintiff." She also claimed the City, among other things: "utiliz[ed] the plaintiff's persona as an insinuation, implication, [and] suggestion of sex"; publicly discussed private facts about her body weight, family issues, and health; exposed her to ridicule based on her appearance; placed her "in a false light because of forced weight gain and inflammation of [her] skin color"; and "is accused of displacing residents on purpose as a source of public entertainment and control." Plaintiff further claimed that the City breached a duty by giving "special privilege" to the "household[s]" of Willet

and Spicer, allowing the occupants to become "squatters" in the households and illegally sell cigarettes.

¶ 12    On December 26, 2019, the City filed a section 2-615 motion to dismiss plaintiff's fourth amended complaint with prejudice. The City asserted that plaintiff failed to specifically allege any misconduct by the City or explain how the City harmed her and failed to state a claim upon which relief could be granted.

¶ 13    On January 15, 2020, the circuit court dismissed plaintiff's *pro se* fourth amended complaint with prejudice. The court stated that, despite multiple opportunities to amend her pleadings, plaintiff was unable to state a cause of action on which relief could be granted. More specifically, she did not allege what duty the City owed her, how the City breached that duty, how the City caused any injuries, or what damages resulted from an alleged breach.[5]

¶ 14    On February 7, 2020, plaintiff filed a timely notice of appeal that identified the January 15, 2020, dismissal order as the order being appealed.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, plaintiff asserts her third amended complaint sufficiently stated a cause of action, the circuit court did not provide "substantial reasons" for why the third amended complaint did not state a cause of action and should have "dismissed" the case in her favor, the City "did not have enough evidence to continue," and the City was late or did not appear at proceedings on July 2, 2019.

---

[5]In January and August 2019, plaintiff filed multiple *pro se* motions for default judgment against the defendants who did not appear. In its final order dismissing plaintiff's fourth amended complaint with prejudice, the court declined to enter a default judgment against those defendants, finding a default order would not do substantial justice between the parties because plaintiff failed to state a claim upon which relief could be granted.

¶ 17    The City filed a motion to dismiss plaintiff's appeal for failure to file an opening brief that complies with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) and asked that this court take the motion as a response brief should we deny the motion to dismiss. Plaintiff responded, claiming she had complied with Rule 341(h) and clarifying that her "third amended complaint is the reason for the appeal" because "[t]here is [*sic*] only three attempts of amending complaints in pretrial."

¶ 18    On July 7, 2021, this court entered an order taking the City's motion with the case and stating that the motion would stand as the City's response brief.

¶ 19    As an initial matter, plaintiff cannot appeal from the dismissal of her third amended complaint, which was without prejudice and therefore was not a final and appealable order. See *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 24 ("a dismissal 'without prejudice' signals that there was no final decision on the merits and that the plaintiff is not barred from refiling the action"); see also *Habitat Company, LLC v. Peeples*, 2018 IL App (1st) 171420, ¶ 28 ("Absent a supreme court rule, we lack jurisdiction to review judgments, orders, or decrees that are not final.").

¶ 20    Nonetheless, plaintiff's notice of appeal correctly identifies the dismissal of her fourth amended complaint with prejudice as the judgment appealed from. Consequently, plaintiff's notice of appeal conferred jurisdiction on this court to consider the dismissal of her fourth amended complaint with prejudice, which was a final, appealable judgment. See *Bianchi v. Savino Del Bene International Freight Forwarders, Inc.*, 329 Ill. App. 3d 908, 917 (2002) (dismissal of a complaint generally not final and appealable unless the order states it is with prejudice).

¶ 21    Notwithstanding, plaintiff's brief does not comply with the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). In particular, her brief fails to set forth facts

supported by citations to the record and fails to present any clear issues supported by legal authority. *Id.* Plaintiff fails to explain why her complaint sufficiently stated a cause of action and should not have been dismissed. She provides no legal authority supporting her arguments that the City did not have "enough evidence" to succeed at the pleading stage, or that the circuit court did not give "substantial reasons why [it] could not effectively find and read the cause of action." She provides no clear explanation as to why the City's purported failure to attend court proceedings promptly is a ground for reversing the dismissal of her fourth amended complaint. Ultimately, plaintiff sets forth neither a clear legal issue on appeal nor a statement of the precise relief she seeks. *Id.*

¶ 22     Supreme court rules are not mere suggestions, but rather, have the force of law. *In re Denzel W.*, 237 Ill. 2d 285, 294 (2010). This court will not apply a more lenient standard for *pro se* litigants. See *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001) ("*Pro se* litigants are presumed to have full knowledge of applicable court rules and procedures."); see also *People v. Fowler*, 222 Ill. App. 3d 157, 163 (1991) ("A *pro se* litigant must comply with the rules of procedure required of attorneys, and a court will not apply a more lenient standard to *pro se* litigants."). Nor is this court a "repository into which an appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33.

¶ 23     "This court has the discretion to strike an appellant's brief and dismiss an appeal for failure to comply with Rule 341." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. However, we may elect to proceed to the merits of an appeal where, as here, meaningful review is not precluded

by the deficiencies in the appellant's brief because we have the benefit of a cogent appellee's brief. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 24    Under section 2-615 of the Code, a defendant may move to dismiss an action based on defects in the plaintiff's pleadings. 735 ILCS 5/2-615. A section 2-615 motion to dismiss "challenges the legal sufficiency of a complaint on its face," and asks "whether the allegations of the complaint, taken as true and construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Berry v. City of Chicago*, 2020 IL 124999, ¶ 25. "Since Illinois is a fact-pleading jurisdiction, plaintiff's complaint must allege facts, not mere conclusions, that establish a viable cause of action." *Bogenberger v. Pi Kappa Alpha Corp., Inc.*, 2018 IL 120951, ¶ 35. We review *de novo* an order granting a section 2-615 motion to dismiss. *Roberts v. Board of Trustees of Community College District No. 508*, 2019 IL 123594, ¶ 21.

¶ 25    After reviewing the record, we find the court properly dismissed with prejudice plaintiff's fourth amended complaint as she failed to identify any clear cause of action. Plaintiff's complaint briefly referenced various claims related to privacy and negligence, along with conclusory statements regarding the City's actions, but failed to allege any specific acts by the City or state when those acts occurred. Instead, the complaint made conclusory statements and alleged no cognizable cause of action regarding the City's general conduct, *i.e.*, the City "knew" of harm caused to plaintiff, engaged in "public discussions of private facts" and ridicule towards plaintiff, and "placed the plaintiff in a false light." See *Doe v. Coe*, 2019 IL 123521, ¶ 32 (plaintiff must set forth facts sufficient to bring a claim within a legally recognized cause of action). The circuit court cannot accept as true these conclusory statements, as they are not supported by specific facts. See

*Parente & Norem, P.C. v. Chicago Regional Council of Carpenters Welfare Fund*, 2021 IL App (1st) 200340, ¶ 20. Because plaintiff was unable to state a cause of action despite multiple opportunities to amend her complaint, the court properly dismissed her fourth amended complaint with prejudice.

¶ 26                                III. CONCLUSION

¶ 27     For the foregoing reasons, we deny the City's motion to dismiss the appeal and affirm the judgment of the circuit court.

¶ 28     Motion to dismiss appeal denied; judgment affirmed.