2023 IL App (1st) 220515-U

No. 1-22-0515

Order filed May 12, 2023

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE HABITAT COMPANY, LLC, as Agent for DREXEL PRESERVATION, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20 M1 704983 |
| HERMAN BONNER and ANY AND ALL UNKNOWN OCCUPANTS, | ) ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Clare J. Quish, Judge presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Delort and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We affirm the judgment of the trial court as defendant has failed to furnish a sufficient record such that an error can be determined.

¶ 2     The defendant-appellant, Herman Bonner, appeals *pro se* from the trial court's order, entered after a bench trial, granting possession of an apartment to the plaintiff, The Habitat Company, as an agent for Drexel Preservation. On appeal, Mr. Bonner contends that the trial court

abused its discretion when it failed to consider Mr. Bonner's evidence at trial. We affirm the judgment of the circuit court of Cook County.

¶ 3                                    BACKGROUND

¶ 4      The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record, which includes the Habitat Company's complaint and amended complaint, Mr. Bonner's answer, and the trial court's orders.

¶ 5      On May 28, 2020, the Habitat Company filed a complaint in the trial court seeking possession of an apartment in a building on the 4400 block of South Drexel Boulevard in Chicago (the apartment). The complaint alleged that Mr. Bonner, the lessee of the apartment, breached certain terms of his lease, specifically, paragraphs "13(c)," "23(c)(1)," "23(c)(6)(a)(b)," and "23(c)(10)," but did not state the content of those paragraphs or the nature of the violation. The record on appeal, however, contains two documents file-stamped on July 21, 2020, which pertain to the Habitat Company's allegations.

¶ 6      The first document is comprised of several pages from a "MODEL LEASE FOR SUBSIDIZED PROGRAMS." Numbering at the bottom of each page reflects the lease contained 10 pages, but only 5 pages of the lease are included in the record on appeal. The document states that the lease for the apartment began on September 1, 2019, ended on August 31, 2020, and would thereafter continue on a month-to-month basis unless "automatically terminated as permitted by paragraph 23" of the lease. The page with paragraph 23 is not included in the record on appeal. Paragraph 13(c) prohibits "unlawful activities in the unit, in the common areas or on the project grounds."

¶ 7    The second document, a "NOTICE OF TERMINATION OF TENANCY," is dated May 6, 2020, and states that Mr. Bonner's tenancy and lease would be terminated on May 18, 2020. According to the notice, on May 5, 2020, Mr. Bonner "assaulted" two of the "landlord's" employees and struck a third employee with his cane in violation of paragraph 23 of the lease.

¶ 8    On October 5, 2020, through counsel, Mr. Bonner filed an appearance and jury demand. Subsequently, on December 21, 2020, Mr. Bonner filed a verified answer, affirmative defense, and counterclaim. Mr. Bonner alleged that he underwent hip surgery, but the Habitat Company's property manager refused his request to move from a unit on the third floor to one on the first floor. Mr. Bonner then arranged a tenants' meeting to discuss "issues" with the property manager. A few days after the meeting, the property manager physically accosted Mr. Bonner. Mr. Bonner claimed that the Habitat Company moved to evict him within one year of his engagement in certain protected activities in violation of the Chicago Residential Landlord and Tenant Ordinance (RLTO) (see Chicago Municipal Code § 5-12-150 (amended Nov. 6, 1991)), and that the allegations in the termination notice were pretextual.

¶ 9    On April 6, 2021, the trial court entered an agreed order stating, in pertinent part, that the Habitat Company was given leave to transfer Mr. Bonner to a new unit in response to Mr. Bonner's request for a reasonable accommodation, and that Mr. Bonner would relinquish possession of the apartment that was the subject of the eviction proceedings. The Habitat Company thereafter filed an amended complaint bearing Mr. Bonner's new unit address.

¶ 10    On November 23, 2021, the matter appeared before the trial court for a settlement conference. Mr. Bonner withdrew his jury demand, and the cause was continued.

¶ 11    On February 1, 2022, the trial court entered an order stating that the parties had appeared with their attorneys and conducted a bench trial via Zoom. According to the order, the court heard the parties' testimony, other evidence, and argument, and continued the cause until February 16, 2022, for a ruling.

¶ 12    On February 16, 2022, the trial court entered an order stating:

> "For all of the reasons stated in open court, after considering all of the testimony and evidence admitted by both parties at trial, evaluating the witnesses' testimony and assessing their credibility, and considering the arguments of the attorneys, the Court finds in favor of plaintiff on its Complaint and in favor of the plaintiff on defendant's affirmative defense and counterclaim."

¶ 13    On the same date, the trial court entered an eviction order awarding the Habitat Company possession of Mr. Bonner's new unit. On March 16, 2022, Mr. Bonner filed a *pro se* notice of appeal.[1]

---

[1] On March 25, 2022, defendant filed a *pro se* motion for "Re-trial and Extended Stay." In a written order entered on April 15, 2022, the trial court construed the filing as a motion to reconsider and struck it for lack of jurisdiction as defendant had already filed a notice of appeal.

While the court was correct that it lacked jurisdiction to consider the motion, its lack of jurisdiction was not due merely to the fact that the postjudgment motion was filed after the notice of appeal. See *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 343 (2001) ("[T]he circuit court has jurisdiction to act on a timely filed post-judgment motion," even where "that motion is filed after a notice of appeal, because the filing of the post-judgment motion renders the prior notice of appeal of no effect."). Rather, the court lacked jurisdiction because the motion was untimely. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017) (a notice of appeal must be filed within 30 days of the final judgment appealed from or "if a *timely* posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion" (emphasis added)); see also *Habitat Co., LLC v. Peeples*, 2018 IL App (1st) 171420, ¶ 15 ("[A] trial court loses jurisdiction over a case and has no authority to vacate or modify a final judgment once 30 days have elapsed, unless a timely postjudgment motion has been filed."). Here, the court's order was entered on February 16, 2022, and defendant's motion was filed more than 30 days later on March 25, 2022.

¶ 14                                    ANALYSIS

¶ 15    On February 15, 2023, this court entered an order taking the case for consideration on the record and defendant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (a reviewing court may decide a case on an appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 16    On appeal, Mr. Bonner contends that the trial court abused its discretion when it accepted the Habitat Company's evidence and testimony at trial, but failed to consider Mr. Bonner's evidence.

¶ 17    As a preliminary matter, our review of Mr. Bonner's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although Mr. Bonner is a *pro se* litigant, this status does not lessen his burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 18    Here, although Mr. Bonner used in part a form approved by the Illinois Supreme Court when filing his brief, he cites no legal authority on appeal. The only factual citations are to the "page" and "line" of an unidentified source, which, as previously noted, the record on appeal does not contain a report of proceedings. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that Mr. Bonner's brief fails to comply with Supreme Court Rule 341(h)(7), his arguments are forfeited.

¶ 19    Considering the content of Mr. Bonner's brief, it would be within our discretion to dismiss his appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32 (this court has the discretion to dismiss an appeal where the appellant's brief fails to comply with Supreme Court Rule 341). However, because the issue in this case is easily resolved and Mr. Bonner attempted to use the proper form, we choose not to dismiss the appeal on that ground. See *Zale*, 2019 IL App (1st) 190197, ¶ 32. That said, the deficiencies in the record still prevent us from reaching this appeal on the merits.

¶ 20    Mr. Bonner has filed papers asking this court to review the decision of the trial court. Mr. Bonner, however, submitted no transcript of the proceedings or a bystander's report for us to review. On appeal, an appellant has the burden to provide a complete record for review in the appellate court to support his claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Foutch*, at 392.

¶ 21    While Mr. Bonner submitted a copy of his lease, it was not the entire document. Further, although the record reveals that a bench trial occurred on February 1, 2022, the record on appeal does not contain a report of proceedings from the trial or an acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Illinois Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a trial transcript or an acceptable substitute, we are unable to determine what evidence was admitted or excluded at trial. Moreover, we have no knowledge of what arguments were presented at trial and no record of the trial court's evidentiary or other rulings. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record of the trial, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 22                                    CONCLUSION

¶ 23    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 24    Affirmed.